IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SHAUNNETTE MARIE LITTLE | ) | Case No. 21−33564−KRH |
| | ) | Chapter 13 |
| Debtor | ) | |

## NOTICE OF MOTION TO EXTEND THE AUTOMATIC STAY AND HEARING

The above named Debtor, by counsel, has filed a Motion to Extend the Automatic Stay with the Court pursuant to 11 U.S.C. § 362(c)(3)(B). <u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one.

**NOTICE IS HEREBY GIVEN THAT A HEARING ON THIS MOTION WILL BE HELD ON December 29, 2021 at 12:00 p.m. in Honorable Judge Kevin R. Huennekens' Courtroom, U.S. Bankruptcy Court, 701 E. Broad Street, Room 5000, Richmond, VA 23219.**

- **REMOTE HEARING INFORMATION**:

   Due to the COVID−19 public health emergency, no in-person hearings are being held.

   This hearing will take place remotely through Zoom on the date and time scheduled herein.

   To appear at the hearing, you must send, by email, a completed request form (the "Zoom Request Form"), which is available on the Court's internet website at <u>www.vaeb.uscourts.gov</u>, on the page titled, "Temporary Emergency Provisions Regarding ZoomGov Remote Proceeding Access Information." Email your completed Zoom Request Form to the email address listed for the Judge assigned to the case. Following receipt of your Zoom Request Form, Court staff will respond to the email address from which the request was submitted with additional information on how to participate through Zoom.

   ***The email address shall be used only to submit Zoom Request Forms. No other matters or requests will be considered by Court staff, and under no circumstances will any such matters or requests be brought to the Judge's attention. Failure to comply with these instructions may result in appropriate action, including but not limited to the imposition of sanctions.

   *** PLEASE NOTE: **You MUST submit the Zoom Request Form no later than two (2) business days prior to this hearing. Any documentary evidence the parties wish to present at the hearing must be filed with the Court in advance of the hearing.**

James E. Kane (VSB# 30081)
KANE & PAPA, P.C.
P. O. Box 508
Richmond, Virginia 23218-0508
Telephone (804) 225-9500
*Counsel for Debtor*

If you want to be heard on this matter, then no later than three (3) days before the date of the hearing, you or your attorney must:

1. File with the court, at the address below, a written response pursuant to Local Rule 9013-1(H). If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

> Clerk of Court
> United States Bankruptcy Court
> 701 E. Broad Street, Room 4000
> Richmond, VA 23219-3515

2. You must also mail a copy to:

> James E. Kane, Esquire
> Kane & Papa, PC
> P.O. Box 508
> Richmond, VA 23218

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that relief.

Respectfully submitted,

SHAUNNETTE MARIE LITTLE
By Counsel

/s/ James E. Kane
James E. Kane (VSB# 30081)
Kane & Papa, P.C.
P. O. Box 508
Richmond, Virginia 23218-0508
Telephone (804) 225-9500
*Counsel for Debtor*

## CERTIFICATE OF SERVICE

I certify that on December 15, 2021, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtors, Chapter 13 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, all attorneys appearing in the previous case as listed below, and to all creditors and parties in interest of the mailing matrix attached hereto.

/s/ James E. Kane
Counsel for Debtor

2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SHAUNNETTE MARIE LITTLE ) | Case No. 21−33564−KRH |
| ) | Chapter 13 |
| Debtor ) | |

**MOTION TO EXTEND AUTOMATIC STAY AND MEMORANDUM IN SUPPORT**

COMES NOW, SHAUNNETTE MARIE LITTLE (the "Debtor"), by counsel, pursuant to 11 U.S.C. § 362(c)(3)(B) and files the following Motion to Extend Automatic Stay and Memorandum in Support Thereof, and affirmatively states as follows:

**Jurisdiction**

1. Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. §§ 1334 and 157 in that this action arises in and relates to the bankruptcy case of the Debtor.

2. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (K), and (O).

3. Venue is proper pursuant to 28 U.S.C. § 1409.

**Background Facts**

4. On December 3, 2021 (hereinafter the "Petition Date"), the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code (the "instant case").

5. Within the year prior to filing the instant case, Debtor has been a debtor in one (1) pending Chapter 13 bankruptcy case which was filed on April 30, 2020 and dismissed on or about November 18, 2021 (Case No. 20-32132) (the "previous case"). The Debtor has also been a debtor in a Chapter 13 case that was filed on November 21, 2016 and dismissed on or about February 27, 2020 (Case No. 16-35721).

6. The previous case was dismissed by the Court because the Debtor was delinquent in payments to the Chapter 13 Trustee. In January 2021 the Debtor broke her foot and was unable to work. Due to COVID restrictions the surgery on her foot was delayed until March 2021. The Debtor has fully recovered from her injury and is now working full time and is able to afford the plan payments in this case.

### Facts of the Instant Case

7. In the instant case, the Debtor will be proposing a Chapter 13 Plan (the "Plan") that commits to pay the Trustee all projected disposable income, $50.00 per month for a period of one (1) month and then $538.00 per month for a period of fifty-nine (59) months.

8. Among other provisions, the Plan proposes the following: Payment through the Trustee to pay delinquent income and personal property taxes, three (3) vehicle loans, and to unsecured creditors a dividend of approximately one percent (1%).

### Discussion

9. Because the instant case was commenced within one (1) year of the dismissal of the prior case, the automatic stay in the instant case will expire "with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease . . . " unless the Court extends the automatic stay. 11 U.S.C. § 362(c)(3)(A) and (B).

10. Pursuant to 11 U.S.C. § 362(c)(3)(B), Debtor must demonstrate to the Court that the instant case was filed in good faith in order to obtain an extension of the automatic stay.

11. If the Court finds grounds for presuming the instant case was filed "not in good faith," § 362(c)(3)(C) would impose a burden on Debtors to overcome such presumption and prove good faith by clear and convincing evidence. If, however, the Court finds no grounds for presuming the instant case was filed "not in good faith," Debtors must merely prove good faith by a

preponderance of the evidence. In re Havner, 336 B.R. 98, 103 (Bankr. M.D.N.C. 2006); In re Ball, 336 B.R. 268, 273 (Bankr. M.D.N.C. 2006).

12. Within the context of motions to continue the automatic stay pursuant to § 362(c)(3), In re Chaney, 362 B.R. 690, 694 (Bankr. E.D. Va. 2007), instructs that the term "good faith" was defined judicially in the Fourth Circuit by Deans v. O'Donnell, 692 F.2d 968, 972 (4th Cir. 1982), further refined by Neufeld v. Freeman, 794 F.2d 149, 152 (4th Cir. 1986), and left unchanged by Congress when it created § 362(c)(3). Chaney at 694.

13. Pursuant to Neufeld v. Freeman, good faith determinations require courts to consider, *inter alia*, "the percentage of proposed repayment, the debtor's financial situation, the period of time payment will be made, the debtor's employment history and prospects, the nature and amount of unsecured claims, the debtor's past bankruptcy filings, the debtor's honesty in representing facts, and any unusual or exceptional problems facing the particular debtor." Id. at 152, *citing* Deans v. O'Donnell, 692 F.2d at 972. The focus of the inquiry is "to determine whether or not . . . there has been 'an abuse of the provisions, purpose, or spirit' of Chapter 13 in the proposal or plan." Neufeld at 152, *citing* Deans at 972, and *quoting* 9 Collier on Bankruptcy 9.20 at 319 (14th ed. 1978).

14. In order to apply the Fourth Circuit's definition of good faith in determining whether the automatic stay should be extended pursuant to § 362(c)(3), "the court must be satisfied that the plan in the new case will succeed where the plan in the prior case did not. Usually this will require a finding that some change in the financial or personal affairs of the debtor has occurred that will allow the debtor to perform under the terms of the plan in the new case. But the inquiry does not end there. The court needs to determine that the repetitive filing does not violate the spirit of the Bankruptcy Code. The new case must not be a ploy to frustrate creditors. It must represent

5

a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13." Chaney at 694.

## Argument

15. In the case *sub judice* there is a presumption that the instant case was filed "not in good faith" as to all creditors. Therefore, Debtor must prove by clear and convincing evidence that the instant case was filed in good faith.

16. In the instant case, the Debtor has acted in good faith, and Debtor requests that the Court grant an extension of the automatic stay as to all creditors, as to Debtor and his property, and as to the property of the estate for the duration of the instant case. In support thereof, Debtor submits an Affidavit, which is attached hereto as Exhibit "1" and incorporated herein by this reference.

17. Applying the Neufeld factors to Debtor's circumstances and to this case leads to the following conclusions:

 a. *Percentage of proposed repayment* - The Plan proposes to pay a dividend of 1% to non-priority unsecured creditors. Such creditors would receive a dividend of 0% if Debtor were to file a Chapter 7 bankruptcy case. Application of this factor favors a finding of good faith.

 b. *Debtor's financial situation* – Debtor has income from working full-time as a CNA with Saber. Application of this factor favors a finding of good faith.

 c. *Period of time payment will be made* - The period of time in which payments will be made is reasonable and is based upon the Debtor's best efforts. Application of this factor favors a finding of good faith.

 d. *Debtor's employment history and prospects* – Debtor has income from working full-time as a CNA with Saber. Application of this factor favors a finding of good faith.

6

e. *Nature and amount of unsecured claims* – Debtor's Schedule F non-priority unsecured debts are estimated to be approximately $18,659.00. Debtor has not incurred any unsecured debt for luxury goods or services or any unsecured debt due to revolving credit accounts or pay day loans within the 90 days prior to filing the instant case. Application of this factor favors a finding of good faith.

f. *Debtor's past bankruptcy filings* - The instant Motion is required due to the fact that the Debtor's previous case that was dismissed within one (1) year of the Filing Date hereof. The Affidavit attached hereto as Exhibit "1" describes fully the reasons that the previous case was dismissed. Debtor incorporates such explanation herein by this reference. Debtor's hardships do not indicate an abuse of the bankruptcy system; rather, they indicate an honest but thus far unsuccessful attempt to financially reorganize. Application of this factor favors a finding of good faith.

g. *Debtor's honesty in representing facts* – Debtor has fully disclosed all assets, liabilities, and pertinent information regarding personal and financial affairs and is prepared to cooperate fully with the Chapter 13 Trustee. Application of this factor favors a finding of good faith.

h. *Any unusual or exceptional problems facing the particular debtors* – There are no unusual or exceptional problems facing Debtor. Application of this factor favors a finding of good faith.

18. Debtor asserts that the instant case does not "violate the spirit of the Bankruptcy Code" and it is not "a ploy to frustrate creditors"; rather, it represents "a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13". *See* Chaney at 694. In support hereof, the Debtor asserts the following additional arguments:

a. *The timing of the petition* – Between the dismissal of the previous case and the instant case, Debtor did not act in a manner so as to purposely delay payment of debts and did not delay in filing the instant case so as to intentionally frustrate creditors. Debtor's actions in this regard indicate an intent to use the bankruptcy system to resolve debts in an appropriate manner. Application of this factor favors a finding of good faith.

b. *How the debt(s) arose* – The debts in this case arose primarily over a period of time extending back several years. The debts were not the result of misuse of credit or luxury spending; rather, they arose as a result of ordinary living expenses that Debtor became unable to repay. Application of this factor favors a finding of good faith.

c. *The debtor's motive in filing the petition* – Debtor's motive in filing this case is to apply best efforts to repay creditors and receive a fresh start through bankruptcy. Application of this factor favors a finding of good faith.

d. *How the debtor's actions affected creditors* – The Plan provisions and treatment of creditors are generally described in paragraph 7, *supra*. This factor will rarely favor a debtor, because "[f]iling for bankruptcy relief will almost always prejudice one's creditors." Galanis, 334 B.R. at 696.

e. *Changes in circumstance and ability to complete this case* – The Affidavit attached hereto as Exhibit "1" describes fully the Debtor's changes in circumstances and explain both the legitimate bases for the filing of this case as well as the Debtor's ability to complete this case. Debtor incorporates such explanations herein by this reference. Application of this factor favors a finding of good faith.

WHEREFORE, for the foregoing reasons, SHAUNNETTE MARIE LITTLE respectfully requests this Honorable Court to enter an Order extending the automatic stay as to all creditors, as

to Debtor and Debtor's property, and as to the property of the estate for the duration of the instant case, and for such other and further relief as to the Court shall be deemed appropriate.

    Respectfully submitted,

    SHAUNNETTE MARIE LITTLE
    By Counsel

/s/ James E. Kane
James E. Kane (VSB# 30081)
KANE & PAPA, P.C.
P. O. Box 508
Richmond, Virginia 23218-0508
Telephone (804) 225-9500
*Counsel for Debtor*

**CERTIFICATE OF SERVICE**

I certify that on December 15, 2021, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtor, Chapter 13 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, all attorneys appearing in the previous case as listed below, and to all creditors and parties in interest of the mailing matrix attached hereto.

/s/ James E. Kane
Counsel for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE:                                         )
                                               )
SHAUNNETTE MARIE LITTLE                        )    Case No. 21−33564−KRH
                                               )    Chapter 13
          Debtor                               )

### AFFIDAVIT OF SHAUNNETTE MARIE LITTLE

SHAUNNETTE MARIE LITTLE hereby states as follows:

1. My name is SHAUNNETTE MARIE LITTLE. I am above the age of 18 years, and competent to make this affidavit.

2. I have personal knowledge of the facts set forth in this affidavit.

3. I reside at 143 Vista Drive, Pamplin, VA.

4. I have income from working full-time as a CNA with Saber. I am the debtor in the present bankruptcy case.

5. During the one (1) year prior to filing the present case, I was a debtor in one (1) pending bankruptcy case that was dismissed.

6. Within the year prior to filing the instant case, I have been a debtor in one (1) pending Chapter 13 bankruptcy case which was filed on April 30, 2020 and dismissed on or about November 18, 2021 (Case No. 20-32132) (the "previous case"). I have also been a debtor in a Chapter 13 case that was filed on November 21, 2016 and dismissed on or about February 27, 2020 (Case No. 16-35721).

7. The previous case was dismissed by the Court because I was delinquent in payments to the Chapter 13 Trustee. In January 2021 I broke my foot and was unable to work. Due to COVID restrictions the surgery on my foot was delayed until March 2021. I have fully

11

recovered from my injury and am now working full time and am able to afford the plan payments in this case.

8. In the instant case, I will be proposing a Chapter 13 Plan (the "Plan") that commits to pay the Trustee all projected disposable income, $50.00 per month for a period of one (1) month and then $538.00 per month for a period of fifty-nine (59) months.

9. Among other provisions, the Plan proposes the following: Payment through the Trustee to pay delinquent income and personal property taxes, three (3) vehicle loans, and to unsecured creditors a dividend of approximately one percent (1%).

10. I have listed all of my assets and all of my debts and have fully and accurately disclosed all of my income and expenses in the Schedules in this case.

11. After the dismissal of my previous case, I acted as fast as I reasonably could to retain a bankruptcy attorney to file this case for me because I want to use the bankruptcy system to resolve my debts.

12. My debts arose as a result of ordinary living expenses. The debt I have has accumulated over several years and is not the result of any purchases of luxury goods or services.

13. I have not incurred any unsecured debt due to revolving credit accounts or pay day loans within the 90 days prior to filing the instant case.

14. I desire to use the bankruptcy system to obtain a fresh start and have not been attempting to evade my responsibilities or delay my creditors' attempts to collect.

15. My income is consistent and likely to remain so during this case. My household expenses are not likely to change substantially. I believe I will be able to make my payments to the Trustee and meet my other obligations as they come due throughout this case.

WITNESS the following signature and seal on December 15, 2021.

                                              /s/ SHAUNNETTE MARIE LITTLE (seal)
                                              SHAUNNETTE MARIE LITTLE

State of Virginia
At Large; to wit:

The foregoing instrument was signed on December 15, 2021 by SHAUNNETTE MARIE LITTLE.

                                              /s/ Alfred A. Wilson
                                                    Notary Public

My Commission Expires:   April 30, 2022
Notary Registration Number:   7767477

```
58 Auto Sales
9506 Governor Harrison Pkwy
Lawrenceville, VA 23868


Account Resolution Services
Attn: Bankruptcy
Po Box 459079
Sunrise, FL 33345


AT& T Mobility
PO Box 6463
Carol Stream, IL 60197


BB&T
Attn: Bankruptcy
P.O. Box 1847
Wilson, NC 27894


Berks Credit & Coll
P.o. Box 329
Temple, PA 19560


Billy's Auto Service Center
P.O. Box 821
Kenbridge, VA 23944


Boykin Motors
1195 Brogen Road
Smithfield, NC 27577


Capital Accounts
Po Box 140065
Nashville, TN 37214


Cbsi
550 Greensboro Avenue
Tuscaloosa, AL 35401


Centra
P O Box 79940
Baltimore, MD 21279
```

City of Richmond-Treasurer
900 E. Broad St.
Room 107
Richmond, VA 23219


Commonwealth of VA - TAX
P.O. Box 2156
Richmond, VA 23218


CVHS Health Services
P.O. Box 220
New Canton, VA 23123


Dba Paragon Revenue Gr
Po Box 126
Concord, NC 28026


Enhanced Recovery Corp
Attn: Bankruptcy
8014 Bayberry Road
Jacksonville, FL 32256


Financial Data Systems
1638 Military Cutoff Rd
Wilmington, NC 28403


Financial Data Systems
Attn: Bankruptcy
Po Box 688
Wrightsville Beach, NC 28480


First Premier Bank
Attn: Bankruptcy
Po Box 5524
Sioux Falls, SD 57117


Firstpoint Coll Reso
Consumer Contact Center
Roanoke, VA 24018


Firstpoint Coll Reso
Attn: Bankruptcy
Po Box 26140
Greensboro, NC 27402

```
Henrico County of Dept of Tax
P.O. Box 90775
Henrico, VA 23273


Henrico Doctor's Hospital
PO Box 740760
Cincinnati, OH 45275


Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101


J&A Homes, LLC
P.O. Box 3152
Mechanicsville, VA 23116


Lunenburg County Treasurer
11512 Courthouse Road
Lunenburg, VA 23952


Mecklenburg GDC
P O Box 306
Boydton, VA 23917


Medical College of Virginia Collection
Attn: Billing Dept/Bankruptcy
403 N 13th St #238
Richmond, VA 23298


North State Acceptance
Po Box 58187
Raleigh, NC 27658


Nstateacc
Po Box 58187
Raleigh, NC 27658


Prince Edward Co GDC
PO Box 42
111 N. South Street
Farmville, VA 23901


Prince Edward Co Treasurer
P.O. Box 522
Farmville, VA 23901
```

```
Resurgent Capital Services
Attn: Bankruptcy
Po Box 10497
Greenville, SC 29603


SCA Credit Svcs
Attn: Bankruptcy
1502 Williamson Road
Roanoke, VA 24012


Self-help Credit Union
301 W Main St
Durham, NC 27701


Self-help Credit Union
Pob 3619
Durham, NC 27702


Sternrecsvcs
415 N Edgeworth St Suite 210
Greensboro, NC 27401


T-Mobile
PO Box 742596
Cincinnati, OH 45274


Top Auto Sales
26030 Cox Road
Petersburg, VA 23803


Victory Auto Credit LLC
5308 Brook Road
Richmond, VA 23227


Wells Fargo Bank, N.A
P.O. Box 5169
Sioux Falls, SD 57117
```